# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT BUCHANAN, JR., B07923, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SERGEANT TROY MAYES, et. al., ) <br> ) <br> Defendants. ) | No. 08-cv-7063 <br><br> Judge Robert M. Dow, Jr. |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Robert Buchanan, filed a *pro se* complaint against a number of employees of the Stateville Correctional Center ("Stateville") on December 10, 2008 [1]. Plaintiff subsequently filed a second amended complaint [52] on December 14, 2009 with the assistance of court appointed counsel. The two-count second amended complaint alleges violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 against Sergeant Troy Mayes ("Mayes"), a Sergeant at Stateville, and ten other Statesville employees (identified in the complaint as John and Jane Does 1-10). Before the Court is Defendant Mayes's motion to dismiss [54] Count I of the second amended complaint. For the reasons below, Defendant's motion to dismiss [54] is granted. However, the dismissal is without prejudice at this time, and Plaintiff is given 30 days to file an amended complaint curing the deficiencies identified below if he believes that there are good grounds for doing so.

**I.  Background**[1]

Buchanan is an inmate at Stateville Correctional Center where Defendant Mayes is a Sergeant.  Cmplt. ¶ 3.  In August of 2008, Buchanan shared a cell with Joseph Murray, who was a member of a rival gang.  *Id.* ¶ 16.  At approximately 3:15 p.m. on August 15, 2008, Buchanan made an indiscrete statement about Murray's girlfriend.  *Id.* ¶ 17.  Murray subsequently stabbed Buchanan twice with a "shiv" made from a plastic mirror, once in the shoulder and once in the bridge of the nose.  *Id.*  Murray then backed Buchanan into a corner and tried stabbing him again, but Buchanan was able to deflect the attacks.  *Id.* ¶ 18.  Murray held the weapon directly on Buchanan for a time, but Buchanan was able to get a few feet away from Murray, and used a pillow to shield himself and prevent further injury.  *Id.* ¶ 18.

Immediately after being stabbed, Buchanan shouted, "I just got stabbed" to Sergeant Mayes.  *Id.* ¶ 19.  Mayes then asked, "What?" and Buchanan repeated that he had been stabbed.  *Id.*  Mayes told Buchanan to "hold on," and assured Buchanan he would attend to him shortly.  *Id.*  When Mayes didn't immediately respond, Buchanan called out to the gallery workers.  Approximately 10-20 minutes after the stabbing, a gallery worker brought a phone to Buchanan's cell, which Buchanan used to call his sisters. *Id.* ¶ 20-21.

After receiving a call from Buchanan, one of Buchanan's sisters called the prison multiple times to alert the staff, speaking to one or more of Defendants Does 1-10, who assured her that they would send help.  *Id.* ¶ 21.  After completing the call to his sisters, Buchanan returned to guarding himself from further attacks; he continued to shout for help for the next 20-30 minutes, but none arrived.  *Id.* ¶ 21-23.  Buchanan eventually placed a second call to his

---

[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the second amended complaint.  See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

2

sisters. At approximately 6:50 p.m. – over two and a half hours after the attack – officers arrived and removed him from the cell. *Id.* ¶ 24-25.

No doctor was on duty, so Buchanan was seen by medical technicians, one of whom phoned the on-call doctor and received instructions to send Buchanan to an outside facility for treatment. *Id.* ¶ 25. However, Buchanan was not transferred but instead remained at Stateville, where medical technicians treated his nose wound with steri-strips but left the shoulder wound untreated. *Id.* ¶ 25. Buchanan remained in a medical cell overnight and then spent two weeks in segregation before being transferred to a different cell with a new cellmate. *Id.* ¶ 26, 28.

Buchanan's complaint contains two counts against all Defendants, alleging violations of his rights under the Eight and Fourteenth Amendments, brought pursuant to 42 U.S.C. § 1983. Count I alleges reckless, malicious, and deliberate indifference to Buchanan's health and safety; Count II alleges deliberate indifference to his medical needs. Defendant Mayes seek dismissal of Count I, contending that Buchanan fails to state a claim for failure to protect under the Eight Amendment because he fails to allege (1) that Defendant operated with deliberate indifference regarding his safety, and (2) that Plaintiff suffered a physical injury as a result.

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, * * * 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

**III. Analysis**

Prison officials have a duty to "take reasonable measures to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A prisoner may bring an action for failure to protect under the Eighth Amendment if he establishes that (1) he was incarcerated under conditions posing a substantial objective risk of serious harm, and (2) the prison officials were deliberately indifferent to his health or safety. *Id.* at 834. Count I attempts to set forth a failure to protect claim, alleging that Defendants acted with deliberate indifference to Plaintiff's health and safety when they failed to promptly remove Plaintiff from his cell after learning that Plaintiff had been stabbed by his cellmate.

4

Defendant Mayes seeks dismissal of Count I on the grounds that Plaintiff cannot show that Mayes acted with deliberate indifference. Specifically, Defendant contends that Plaintiff cannot state a claim for failure to protect based on the attack itself, because there are no allegations that Defendant was aware of any specific threat to Plaintiff's safety prior to the attack. Furthermore, Defendant argues, Plaintiff has no claim for failure to protect based on the period of time between the stabbing and his removal from the cell because Plaintiff suffered no injury during that time. At most, according to Defendant, Plaintiff alleges that he was exposed to a risk of harm during that time, which cannot form the basis for a compensable claim under the Eighth Amendment. See *Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997) ("An allegation that prison officials exposed a prisoner to a 'risk of violence at the hands of other inmates,' does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause") (citation omitted).

In response, Plaintiff concedes that he cannot state a claim based on Mayes's failure to prevent the stabbing. According to Plaintiff, Count I is not premised on the initial attack, but on the serious psychological harm Plaintiff suffered in the ensuing hours as a result of being confined with his assailant. Defendant declined the opportunity to file a reply brief. Therefore, there remains a significant disconnect between Defendant's motion to dismiss – which focuses on the failure to protect from the initial attack – and Plaintiff's response – which clarifies that Count I is based on psychological injuries Plaintiff allegedly suffered after the attack.

That Defendant's motion to dismiss does not address psychological injuries is not surprising because a disconnect also exists between the second amended complaint and Plaintiff's response brief. The complaint alleges that, "[i]n the hours while he waited for help from the Defendants, Mr. Buchanan experienced severe pain *resulting from his stab wounds*." Cmplt. ¶ 23 (emphasis added). The complaint further alleges that, during that time, "Mr.

5

Buchanan needlessly suffered severe, prolonged pain," and that "[t]he delay * * * exacerbated the injury to his nose and sinuses." *Id.* ¶ 32. The complaint does not specifically mention psychological injury. It appears that, consequently, Defendant read the complaint as alleging only physical injury.

Defendant's reading of Count I was not unreasonable. As currently drafted, the Court would be hard pressed to find that Count I alleges psychological injury and thus puts Defendants on notice of "the grounds upon which it rests," as would be required to assert such a claim under Rule 8(a). *Twombly*, 550 U.S. at 555. One might be tempted to conclude that the briefing on the motion to dismiss satisfies the notice function, but the Seventh Circuit has held that a plaintiff may not amend his complaint by way of arguments made in a brief in response to a motion to dismiss. See *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *Tate v. Illinois Worker's Compensation Com'n*, 2010 WL 1418400, at *2 n.3 (N.D. Ill. Apr. 6, 2010). Therefore, as currently pled, Count I must be dismissed.

However, Rule 15 of the Federal Rules of Civil Procedure dictates that a court should "freely give leave [to file an amended pleading] when justice so requires." FED. R. CIV. P. 15(a)(2). Consistent with that rule, the Court grants Plaintiff leave to file a third amended complaint within thirty days to cure the defect discussed above, if he can do so.

The Court notes that if Plaintiff can, consistent with Rule 11, allege that he suffered extreme psychological harm, the amended complaint likely would survive a renewed motion to dismiss. The Seventh Circuit has recognized that extreme psychological harm – even absent any physical injury – can support an Eighth Amendment claim. See *Doe*, 110 F.3d at 524 ("extreme and officially sanctioned psychological harm * * * might support a claim for damages under the

Eighth Amendment"); *Delaney v. Detella*, 256 F.3d 679, 685 (7th Cir. 2001) (a showing of psychological injury can state an Eighth Amendment claim) (citing *Hudson v. McMillan*, 501 U.S. 1, 16 (1992) (Blackmun, J., concurring)); *Bullock v. Barham*, 23 F.Supp. 2d 883, 884 (N.D. Ill. 1998) ("A prisoner may recover damages if he suffers physical injury from the failure to protect or if he suffers psychological injury resulting from 'malicious and sadistic behavior that, in the majority's view, always offends contemporary standards of decency.'") (quoting *Babcock v. White*, 102 F.3d 267, 272-73 (7th Cir. 1996)); *Age v. O'Brien*, 210 F.3d 374 (7th Cir. 2000) (unpublished) ("a successful claim for damages under the Eighth Amendment requires proof of obvious physical injury or of extreme and officially-sanctioned psychological harm").

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss [54] is granted. Count I is dismissed without prejudice and Plaintiff is granted leave to file an amended complaint within 30 days.

Dated: May 20, 2010

                                        _____
                                        Robert M. Dow, Jr.
                                        United States District Judge