# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7063 | **DATE** | 6/4/2012 |
| **CASE TITLE** | Buchanan vs. McCann et al. | | |

**DOCKET ENTRY TEXT**

Before the Court are Defendant's motions *in limine* [146, 147, 148, 149, 150] and Plaintiff's motions *in limine* [155, 156] and Plaintiff's motion [164] to strike Defendant's motion *in limine* [146]. For the reasons below, Plaintiff's motions are granted in part and denied in part and Defendant's motions are granted in part and denied in part.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

**I. Plaintiff's Motions**:

**A.** *Motion to bar evidence of Plaintiff's felony convictions*

Plaintiff seeks an *in limine* ruling that the Court prevent Defendant from introducing Plaintiff's prior convictions for the purpose of impeachment if he testifies at trial. Federal Rule of Evidence 609(a) provides that "[f]or the purpose of attacking the credibility of a witness . . . evidence that an accused has been convicted of such a crime [i.e. one punishable by more than a year's imprisonment] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a). As the Seventh Circuit has explained, the rationale for allowing a prior crime to undermine the testimony of a witness's testimony "is that a person who has committed a serious crime is more likely than a law-abiding person to lie on the stand even if the case in which he is testifying has nothing to do with that crime." *Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009). While that rationale is "underinclusive," and the rule itself "controversial" (*id*. at 627-28), the language chosen by Congress indicates that admission of prior felonies is mandatory unless the concerns captured by Rule 403 (which are incorporated directly into Rule 609(a)) provide a trump card.

In criminal cases, the Seventh Circuit has employed a five-part test "to guide the district court in the exercise of its discretion in determining whether the probative value of a conviction outweighs its prejudicial effect: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004). While not all of those factors will apply in civil cases, the same general concerns may illuminate the court's analysis. See, *e.g.*, *Anderson v. City of Chicago*, 2010 WL 4928875, at *2-*3

| STATEMENT |
|---|

(N.D. Ill. Nov. 30, 2010). And, underscoring the text of the rule itself, the Seventh Circuit has cautioned courts to "be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her." *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992)

Here, the impeachment value of the prior crime weighs heavily in favor of Plaintiff's position. Murder does not implicate truthfulness. See *Montgomery*, 390 F.3d at 1015 (impeachment value greater if convictions implicate truthfulness); see also *Jones v. Sheahan*, 2003 WL 21654279, at *2 (N.D. Ill. July 14, 2003) ("[t]he offense of murder is not highly probative of credibility, [but] the risk that unfair prejudice would result for the admission of that evidence is substantial"). However, the timing of the prior conviction cuts in the opposite direction because it falls within the ten-year period of admissibility specified in Rule 609(b). And perhaps the most significant factor pointing in the direction of admission is the importance of Plaintiff's testimony and the centrality of witness credibility to the outcome of this case. Plaintiff correctly observes that his case does not rest entirely on his credibility alone, because he will call other witness to testify at trial. Nevertheless, Plaintiff's testimony will be critical to the jury's comprehension and evaluation of the evidence. See *Montgomery*, 390 F.3d at 1016 (district court correctly recognized that defendant's credibility was central to the case and impeachment with prior drug conviction was proper); *United States v. Grant*, 396 F.3d 906, 909-910 (7th Cir. 2005) (given defendant's theory that he possessed a pipe, not a gun, his credibility was crucial and therefore, impeachment with eight year-old conviction for drug crime was proper).

On balance, taking into consideration on the one hand the importance of Plaintiff's own credibility as a witness (and thus the probative value of the prior conviction) and on the other hand the potential for prejudice given the nature of the conviction, the Court concludes that this is an appropriate case for "'sanitization' of prior-crimes evidence used to impeach." *Schmude*, 556 F.3d at 627 (explaining that "[t]he cases do permit 'sanitization' of prior-crimes evidence used to impeach" by "concealing the nature or name of the crime"). In this case, the necessary "sanitization" must include (1) the nature and name of the crime (murder), (2) the date of the conviction (2004), and (3) the sentence imposed (life). The latter two data points must be kept from the jurors lest they lead jurors to draw prejudicial inferences about the seriousness of the crime. What remains to be elicited – or stipulated – is the bare fact that Plaintiff is a convicted felon. If Defendant chooses to bring that fact to the jury's attention, the Court will give an appropriate limiting instruction to explain the proper uses of prior convictions for impeachment at trial.

### B. *Motion to bar evidence relating to Defendant's belatedly produced evidence*

Plaintiff next seeks to bar Defendant from introducing evidence of the F-Unit Minute Gallery Checks ("round sheets") that he produced on April 13, 2012, more than a year after the close of discovery. Defendant argues that he should be allowed to introduce the round sheets into evidence because (1) he did not have possession, custody or control of the round sheets and thus did not violate Fed. R. Civ. P. 34(a)(1) and (2) Plaintiff will not be harmed by their introduction at trial. The Court does not find either of Defendant's arguments persuasive, and thus grants Plaintiff's motion.

The sanctions for violating Rule 26(a) and (e) are severe: "If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Seventh Circuit has established a four-factor test for evaluating whether Rule 37 sanctions are warranted: (1) prejudice or surprise to the party against whom evidence is offered; (2) ability of the party to cure the prejudice; (3) likelihood of disruption to the trial; and (4) the

proffering party's bad faith or willfulness in not disclosing evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Not all four factors must be met; preclusion of untimely or insufficiently disclosed evidence is "automatic and mandatory" where the violation is unjustified and harms the party. *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). The rationale behind Rule 37 "is to avoid an unfair 'ambush' in which a party advances new theories or evidence to which its opponent has insufficient time to formulate a response." *Rowe Int'l Corp.*, 586 F. Supp. 2d at 934 (citing *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998)).

Defendant argues that notwithstanding the rules, he should be allowed to introduce the evidence because he was not in control of the evidence. According to Defendant, the evidence was in the control of a third party – namely, the Stateville Correctional Center. But in *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996), the Seventh Circuit found that when the party trying to introduce the new evidence after discovery was completed is "tardy in seeking the data from [a] third party," the party cannot claim that the failure to produce evidence in the possession of a third party was "justified." And in the particular circumstances of this case, such an excuse is especially unavailing. To the extent that the evidence was in the possession and control of the Stateville Correctional Center, Defendant himself is (and at all relevant time has been) a relatively senior employee at that very facility. In addition, throughout this litigation, Defendant has been represented by the Cook County State's Attorney's Office, an office that handles dozens of cases at a time involving Stateville and other Illinois correctional facilities. Plaintiff repeatedly requested these documents while discovery was open, and Defendants have not provided any legitimate reason why it took over a year after discovery closed to procure the round sheets.[1]

> [FN1] The Court cannot accept Defendant's argument that Plaintiff should have filed a motion to compel production of the round sheets. Plaintiffs properly requested Defendants disclose all relevant documents pursuant to Rule 26, and it was Defendants responsibility to produce the documents during the discovery period.

Whether Defendant's late production was the result of tardiness in seeking the documents or in following up to ensure that the documents had been located and produced by Stateville, the consequences of the extremely late disclosure must be borne by Defendant because the delay "was not harmless." *Finley*, 75 F.3d at 1230. At a minimum, the disclosure "would have placed on [Plaintiff] a heavy burden of meeting the new evidence" with further investigation and written and oral discovery shortly before trial. *Id.* at 1230-31.

In sum, because (1) Defendants have failed to provide an adequate excuse for their extreme delay in producing the round sheets and (2) Plaintiff would be harmed by the introduction of this evidence at such a late date—Plaintiff's motion *in limine* No. 2 [155] is granted. In so ruling, the Court notes that Defendant certainly still may argue that the appropriate rounds were made on the pertinent dates and times; he simply will not be able to use the (late produced) evidence that may have provided further support for the testimony.

## II.  **Defendant's Motions**:

### A.  *Motion to bar testimony of Thomas Rosazza*

Defendant moves *in limine* to bar to the testimony of Plaintiff's proposed expert Thomas Rosazza. Plaintiff offers Rosazza's testimony as an expert in prison protocol and procedure and the standard of care for correctional officers responding to requests for medical care. Defendant argues that Mr. Rosazza's testimony should be barred because he provides "no opinions or any facts that are outside the understanding of a reasonably intelligent person." According to Defendants, all of Rosazza's testimony simply restates the

**STATEMENT**

Plaintiff's claims.

Having reviewed the parties' briefs as well as Mr. Rosazza's expert report, the Court respectfully disagrees with Defendant. As Defendant acknowledges, the Court has broad discretion in determining the admissibility of proposed opinion testimony under Rule 702. Under Rule 702 and Rule 703, a witness qualified by knowledge, skill, experience, training, or education may testify in the form or an opinion, and may rely on information outside of his personal knowledge, provided that the witness's opinion is reliable and relevant to an issue in the case. Here, as Mr. Rosazza's report indicates, he qualifies, at a minimum, by knowledge, experience, and training to render opinions in the subject matters for which his testimony is being offered. Moreover, his testimony is calculated to "assist the trier of fact to understand the evidence or to determine a fact in issue." *Fowler v. United States*, 2011 WL 1004574, at *4 (N.D. Ill. Mar. 18, 2011). As Judge Hamilton noted in admitting Mr. Rosazza's testimony in similar circumstances, because an incarcerated plaintiff in a Section 1983 case "must ordinarily try to meet the high standard of deliberate indifference through circumstantial evidence," Rule 702 opinion testimony may be directly relevant and helpful to the trier of fact. *Terry v. Rice*, 2003 WL 1921818, at *4 (S.D. Ind. Apr. 18, 2003); see also *id*. at *6 (noting that Rosazza's "opinions could be helpful to jurors who are not familiar with jails, inmates, or the challenges faced by those who run jails"). Notably, Mr. Rosazza's opinions on related subjects have been admitted in several other cases in this circuit and around the country. See, e.g., *Haley v. Gross*, 86 F.3d 630, 644 (7th Cir. 1996) (affirming admission of Mr. Rosazza's expert testimony and noting that Mr. Rosazza had "over 27 years of work in corrections"). For all of these reasons, Defendant's contentions that Mr. Rosazza's testimony tells the jurors what they already know or simply restates Plaintiff's claims are without merit, and Defendant's motion [146] is denied.[2]

> [FN2] Because the Court denies Defendant's motion, Plaintiff's motion to strike [164] is denied is moot.

**B.** *Motion to bar testimony of Roseann and Vermel Buchanan*

Defendant's motion *in limine* to bar the testimony of Roseann Buchanan and Vermel Buchanan [147] is denied. In accordance with Fed. R. Evid. 401 and 402, Roseann and Vermel may provide any relevant admissible testimony within their personal knowledge – for example, as to whether they received a call from Buchanan, what they said, what they did as a result, and a timeline of events to corroborate other evidence and testimony. They may not testify as to anything Buchanan said or that anyone else said, unless such testimony falls within a recognized exception to the rules against hearsay testimony. If Plaintiff believes that such an exception may apply, he should front the issue with the Court and defense counsel outside the presence of the jury.

**C.** *Motion to preclude reference to other lawsuits*

Plaintiff has no objection to this motion and thus Defendant's motion *in limine* 3 [148] is granted.

**D.** *Motion to bar witnesses from the courtroom*

Plaintiff has no objection to this motion and thus Defendant's motion *in limine* 4 [149] is granted.

**STATEMENT**

  E.  *Motion to bar evidence of indemnification*

Plaintiff has no objection to this motion and thus Defendant's motion *in limine* 5 [150] is granted.